### BOYER et al. v. DECKER.

(Supreme Court, Appellate Division, Third Department. May 4, 1896.)

1. WILLS—WHO MAY CONTEST.
　　Testator devised real estate to a trustee, to sell and keep the proceeds until 21 years after testator's death, and then pay them to plaintiffs, 24 years after the sale; and, 30 years after probate of the will, plaintiffs sued the trustee's executor, into whose hands the fund had come, to

compel payment to them. Until this action was brought, no one ever
questioned the validity of the will. *Held*, that the executor could not
challenge the validity of the will.

2. NECESSARY PARTIES—ACTION TO COMPEL PAYMENT OF TRUST FUND.

In an action by the beneficiaries under a will devising land to a trus-
tee, to sell, and hold the proceeds for a certain time, to compel the ex-
ecutor of the trustee to pay the fund over to the beneficiaries, testator's
heirs are not necessary parties, as their title to the land was not affected
if the will was void, and, if it was valid, its terms excluded their resort
to the fund.

3. TRUSTS—DEATH OF TRUSTEE—APPOINTMENT OF NEW TRUSTEE.

Where a trust fund passes into the hands of the executor of the trus-
tee, and no other duties are to be performed in relation to the fund, ex-
cept to pay it over to the beneficiaries, a new trustee need not be ap-
pointed, but the executor will be required to pay the fund over.

Appeal from special term.

Action by Lena R. Boyer and others against Sydney S. Decker,
as executor, to compel defendant to pay over to plaintiffs certain
moneys which came into defendant's hands as executor. There was
a judgment in favor of plaintiffs, and defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, PUTNAM, and
MERWIN, JJ.

Owen Cassidy, for appellant.
W. B. Eastabrook, for respondents.

LANDON, J. We do not think the appellant should be heard to
challenge the validity of the sixth clause of the will of Samuel Ste-
vens. The will was admitted to probate 30 years ago. Mr. Shearer,
the defendant's testator, the executor and trustee therein named,
assumed the will to be valid, and 24 years ago, pursuant to its terms,
sold the real estate devised by it. The will directed him to keep
the proceeds until 21 years after the testator's death, and then pay
them to the persons indicated by the will. The respondents are
the persons thus indicated. Shearer, the trustee, is now dead, and
the fund is in the hands of the defendant, his executor. Until this
action was brought, no one ever questioned the validity of the will.
Its validity could only be challenged by the two sons of Samuel
Stevens, his only heirs, who were adults when their father died.
One of them is the father of the plaintiff, and the other the father
of the other respondents. The sons seem to have acquiesced in the
will. If now they should change their minds, they must rely upon
their title as heirs to the land, which title is apparently barred by
the statute of limitations. If the will is void, it never affected their
title to the land. If it is good, its terms exclude their resort to this
fund. In either event they are not necessary parties to this action.
Assuming that the two sons should bring ejectment for the land,
and recover it of the purchasers,—an improbable event,—the latter
would have no recourse except upon the covenants in the execu-
tor's deed to them; and, as none are shown, the defendant should
not keep this fund on that account. The will was valid enough
to enable Shearer, the trustee, to realize the fund from the estate,
as directed by the will, in trust for these respondents. He never
had any title to the fund except as trustee. He took the benefits

and burdens together. No valid reason is shown why the trust should not be performed by payment pursuant to its terms. No adverse claimants are shown to exist. The defendant has shown nothing that exposes him to risk. There is no need of the circuity of appointing a new trustee. The defendant has the fund. Its amount has been determined. He has no better right to retain it than his testator had, and he should pay it over as directed by the judgment. The judgment should be affirmed, but as the sixth clause of the will, which gives rise to this contest, seems to be so framed as to invite challenge, costs of both parties are allowed out of the fund.

Judgment affirmed, with costs to both parties out of the fund. All concur.